UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MATTHEW J. HILGEFORD,

                                Plaintiff,

   v.                                                    Action No. 3:10–CV–465

AMERICAN INTERNATIONAL GROUP, INC.,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.,
AIG DOMESTIC CLAIMS, INC.,
BANK OF AMERICA, N.A.

                                Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss. (Doc. No. 5 and Doc. No. 9.) Defendants request that the Court dismiss the matter for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the action is barred by the doctrines of res judicata and collateral estoppel. Defendants also request that the Court award them costs and fees. Despite being served with the present Motion as well as a *Roseboro* Notice, Plaintiff has not responded to Defendants' Motion. For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss.

### I. BACKGROUND

Plaintiff previously brought this matter against the same Defendants on two separate occasions. This Court has dismissed the matter twice and each dismissal has been affirmed by the Fourth Circuit. Defendants move to dismiss the instant action because it is barred by the

1

doctrines of res judicata and collateral estoppel.

Plaintiff filed his first Complaint in the Circuit Court for the City of Richmond in September 2008 against National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") and American International Group, Inc. ("AIG"). Defendants removed to this Court and Plaintiff amended his Complaint to add Bank of America as a defendant. Plaintiff claimed he was a Bank of America customer who purchased an insurance policy from the defendants. He made a claim under the policy, but his claim was denied. Plaintiff alleged that Defendants unlawfully refused to pay him $1,030,000.00. Defendants filed a Motion to Dismiss, which the Court granted in February 2009. Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh, et al., 2009 WL 302161 (E.D. Va. Feb. 6, 2009). The Fourth Circuit affirmed the dismissal. Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa, et al., 2009 WL 1762132 (4th Cir. June 23, 2009).

Plaintiff filed a second Complaint against National Union, AIG, AIG Domestic Claims, Inc., and Bank of America in July 2009 that made the same allegations. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP"). The Court granted Plaintiff's Motion to Proceed IFP but stated in the Order granting the Motion that Plaintiff's Complaint recited the same facts and advanced the same claims as his first lawsuit. As such, the Court dismissed the Complaint with prejudice because (1) it was frivolous or malicious and (2) it failed to state a claim upon which relief could be granted. The Fourth Circuit affirmed the dismissal in November 2009. Hilgeford v. Am. Int'l Group, Inc., et al., 2009 WL 3863428 (4th Cir. Nov. 19, 2009).

Plaintiff filed the instant lawsuit in the Circuit Court for the City of Richmond in July 2009, five days after this Court entered an order dismissing his second lawsuit. Defendants

2

removed. Plaintiff makes the same allegations that he made in his previous lawsuits.

## II. LEGAL STANDARD

The purpose of a motion to dismiss is to "test the sufficiency of the complaint to see if it alleges a claim for which relief can be granted." Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed. Appx. 820, 825 (4th Cir. 2010). To survive a motion to dismiss, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, a court must "accept as true all of the factual allegations in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), as well as any facts that could be proved that are consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Further, the court must view those facts in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

Normally, a court may not consider documents outside the pleadings to make a ruling on a motion to dismiss, unless the court converts the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). A court may, however, "consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the Complaint" without converting the motion into one for summary judgment, "so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396 (4th Cir. 2006).

Courts should construe filings by *pro se* plaintiffs liberally and take the plaintiff's allegations as true, but a court is not required to "'conjure up questions never squarely

3

presented'" to it. Adkins v. Mathews Nichols & Assocs., LLC, 2008 WL 565101, *2 (W.D. Va. Feb. 29, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985)). Furthermore, a *pro se* plaintiff's complaint must still pass muster under the Twombly/Iqbal pleading standards. Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 446 (E.D. Va. 2009).

### III. DISCUSSION

    A.    Plaintiff's Action is Barred by Res Judicata

District courts can grant a 12(b)(6) motion to dismiss on the basis of res judicata. Howard v. Inova Health Care Servs., 302 Fed. Appx. 166, 168 (4th Cir. 2008). The doctrine of res judicata holds that claims should be barred if they were actually litigated in a previous proceeding or could have been litigated. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). Res judicata applies if: (1) there was a final judgment on the merits in a previous suit; (2) the causes of action are the same in two lawsuits; and (3) the parties are the same in two lawsuits. Id. at 354-55 (citing Nash Cnty. Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981)). With respect to the same parties requirement, res judicata can be invoked if a party to a later action is in privity with a party to an earlier action. Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3rd Cir. 1991).

All three elements necessary for res judicata to apply are present in this matter. First, there have been two final judgments on the merits. The Court dismissed Plaintiff's first lawsuit with prejudice. The Court dismissed Plaintiff's second lawsuit with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), because it was "frivolous or malicious" and because it failed to state a claim upon which relief could be granted. A dismissal with prejudice is an adjudication on the merits for res judicata purposes. Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed. Appx. 820,

4

826 (4th Cir. 2010). Because both dismissals were final judgments on the merits, both have a claim preclusive effect.

The present action meets the "same cause of action" requirement because it arises out of the same transaction as the earlier lawsuits. The test used to determine if causes of action are the same is whether the claim in the current litigation "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). The current claim meets this requirement because both of Plaintiff's earlier actions arose out of the same transaction as the case at bar. In all three lawsuits, Plaintiff has alleged that he is a Bank of America customer who purchased insurance and that the defendant insurance companies denied claims he made under his policy. Thus, the same cause of action requirement is met.

Finally, the case meets the "same parties" requirement because the Defendants in the present case were also Defendants in Plaintiff's earlier actions. Plaintiff sued AIG, National Union, and Bank of America in his first lawsuit. Plaintiff's second lawsuit made claims against AIG, Bank of America, National Union, and AIG Domestic Claims, Inc. The present lawsuit makes claims against AIG, National Union, AIG Domestic Claims, Inc., and Bank of America. Thus, all current Defendants were also Defendants in Plaintiff's previous lawsuits and the "same parties" requirement is satisfied.

Because all of the requirements for the doctrine of res judicata to apply are satisfied, Plaintiff's lawsuit is barred as to all claims previously raised or that could have been raised in previous litigation.

B.  Plaintiff's Action is Barred by Collateral Estoppel

Defendants also argue that Plaintiff's action should be dismissed with prejudice because it is barred by collateral estoppel/issue preclusion. Collateral estoppel

> forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.' Ramsay v. INS, 14 F.3d 206, 210 (4th Cir. 1994). For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. See id.

Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998).

Each element required for a previously litigated issue to have issue preclusive effect is present in the instant case. First, the issue sought to be precluded in the instant case is identical to a previously litigated issue because Plaintiff has brought the same claim in each of his three lawsuits. Second, the issue sought to be precluded here was actually determined in both the first and second cases when the Court dismissed the actions on the merits. Third, the determination of the issues raised in the current case was a critical part of the Court's dismissal of the first and second actions. In the first case, the Court dismissed the action because Plaintiff could not raise claims under a host of the statutes under which he sued, including the Consumer Protection Act, Fair Debt Collection Practice Act, and bank and mail fraud statutes, and because he failed to allege the facts necessary to sustain his claims under the Racketeer Influenced and Corrupt Organizations Act. In the second case, the Court dismissed the Plaintiff's case because it was frivolous and failed to state a claim upon which relief could be granted. Fourth, as indicated

6

above, the dismissals of the previous cases were final and valid. Finally, Plaintiff, the party against whom estoppel is being asserted, had a full and fair opportunity to litigate the issue. Because all of the elements required for the doctrine of collateral estoppel to apply are present, Plaintiff is precluded from litigating all issues actually determined in previous litigation.

## IV. CONCLUSION

Because all of the requirements for res judicata and collateral estoppel are met in this matter, the Court GRANTS Defendants' Motion to Dismiss. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

Let the Clerk send a copy of this Memorandum Opinion to the pro se plaintiff and all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this __18th__ day of October 2010